1

2

3

4

5

6                 IN THE UNITED STATES DISTRICT COURT FOR THE

7                       EASTERN DISTRICT OF CALIFORNIA

8

9   ALEJANDRO GUZMAN,              )        1:05-cv-00121-OWW-DLB-P
                                   )
10            Plaintiff,           )        **FINDINGS AND RECOMMENDATIONS**
                                   )        **RE DISMISSAL OF ACTION FOR**
11  vs.                           )        **FAILURE TO OBEY A COURT ORDER**
                                   )        **AND FAILURE TO STATE A CLAIM**
12  R. ANDREWS,                    )        **UPON WHICH RELIEF MAY BE**
                                   )        **GRANTED**
13            Defendant.           )
    _____)        (Doc. 8)

14

15       Plaintiff, Alejandro Guzman ("plaintiff"), is a prisoner in

16  federal custody at the Taft Correctional Institute and is

17  proceeding pro se in this civil rights action apparently pursuant

18  to Bivens v. Six Unknown Named Agents of Federal Bureau of

19  Narcotics, 403 U.S. 388 (1971).  The matter was referred to a

20  United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B)

21  and Local Rule 72-302.

22       By order filed May 9, 2005, the court found that plaintiff's

23  complaint failed to state any claims for relief against the named

24  defendants.  The court dismissed plaintiff's complaint and ordered

25  plaintiff to file an amended complaint within thirty (30) days from

26  the date of service of that order.  More than thirty days have

27  passed and plaintiff has not filed an amended complaint or

28  otherwise responded to the court's order.

                                    1

1    Local Rule 11-110 provides that "failure of counsel or of a
2  party to comply with these Local Rules or with any order of the
3  Court may be grounds for the imposition by the Court of any and all
4  sanctions . . . within the inherent power of the Court."  District
5  courts have the inherent power to control their dockets and "in the
6  exercise of that power, they may impose sanctions including, where
7  appropriate . . . dismissal of a case."  Thompson v. Housing Auth.,
8  782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action,
9  with prejudice, based on a party's failure to prosecute an action,
10  failure to obey a court order, or failure to comply with local
11  rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.
12  1995)(dismissal for noncompliance with local rule); Ferdik v.
13  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for
14  failure to comply with an order requiring amendment of complaint);
15  Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for
16  failure to comply with local rule requiring pro se plaintiffs to
17  keep court apprised of address); Malone v. U.S. Postal Service, 833
18  F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with
19  court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.
20  1986)(dismissal for failure to lack of prosecution and failure to
21  comply with local rules).

22    In determining whether to dismiss an action for lack of
23  prosecution, failure to obey a court order, or failure to comply
24  with local rules, the court must consider several factors: (1) the
25  public's interest in expeditious resolution of litigation; (2) the
26  court's need to manage its docket; (3) the risk of prejudice to the
27  defendants; (4) the public policy favoring disposition of cases on
28  their merits; and, (5) the availability of less drastic

2

1  alternatives.   Thompson, 782 F.2d at 831; Henderson, 779 F.2d at

2  1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;

3  Ghazali, 46 F.3d at 53.

4      In the instant case, the court finds that the public's

5  interest in expeditiously resolving this litigation and the court's

6  interest in managing the docket weigh in favor of dismissal.   The

7  third factor, risk of prejudice to defendants, also weighs in favor

8  of dismissal, since a presumption of injury arises from the

9  occurrence of unreasonable delay in prosecuting an action.

10 Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).   The fourth

11 factor -- public policy favoring disposition of cases on their

12 merits -- is greatly outweighed by the factors in favor of

13 dismissal discussed herein.   Finally, a court's warning to a party

14 that his failure to obey the court's order will result in dismissal

15 satisfies the "consideration of alternatives" requirement.   Ferdik

16 v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,

17 779 F.2d at 1424.   The court's order of May 9, 2005, requiring

18 plaintiff to file an amended complaint, expressly stated:

19 "...failure to file an amended complaint in accordance with this

20 order will result in dismissal of this action for failure to state

21 a claim and failure to comply with the court's order."   Thus,

22 plaintiff had adequate warning that dismissal would result from

23 non-compliance with the court's order.

24     Accordingly, it is HEREBY RECOMMENDED that this action be

25 DISMISSED for plaintiff's failure to obey the court's order of May

26 9, 2005, and for the reasons set forth therein, namely, for failure

27 to state a claim upon which relief may be granted.

28 //

1    These Findings and Recommendations are submitted to the United
2  States District Judge assigned to the case, pursuant to the
3  provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days**
4  after being served with these Findings and Recommendations,
5  plaintiff may file written objections with the court.  Such a
6  document should be captioned "Objections to Magistrate Judge's
7  Findings and Recommendations."  Plaintiff is advised that failure
8  to file objections within the specified time may waive the right to
9  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
10 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    July 11, 2005**                     _____/s/ Dennis L. Beck_____
3c0hj8                                           UNITED STATES MAGISTRATE JUDGE

4